UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDOUL KARIM DIALLO,                      )
                        Petitioner,       )
                                          )        No. 1:26-cv-2053
-v-                                       )
                                          )        Honorable Paul L. Maloney
KEVIN RAYCRAFT, *et al.*,                 )
                        Respondents.      )
                                          )

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Abdoul Karim Diallo, through counsel, filed a habeas petition under 28 U.S.C. § 2241 and a motion for a temporary restraining order, ECF No. 2.  Petitioner, a citizen of Guinea, alleges he faces imminent removal from the United States to Sierra Leone. Petitioner contends Respondents' third-country removal policy violates immigration law and due process.  Specifically, the current practice does not afford Petitioner with the opportunity to raise fear-based claims against removal to the third country.  The court will grant the motion and will temporarily enjoin Respondents from removing Petitioner to a third country

Rule 65(b) of the Federal Rules of Civil Procedure governs requests for temporary restraining orders.  District courts exercise their discretion when granting or denying preliminary injunctions.  *Northeast Ohio Coalition for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).  A court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met.  Fed. R. Civ. P. 65(b)(1).  First, the moving party must establish specific facts through an affidavit or a verified complaint showing that an immediate and irreparable injury will result to the

moving party before the adverse party can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b)(1)(A).  Second, the counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required.  Fed. R. Civ. P. 65(b)(1)(B).  When deciding a motion for a temporary restraining order or for a preliminary injunction, a court should consider and balance four factors: (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff without the order; (3) whether an injunction would cause substantial harm to others; and (4) whether granting injunctive relief services the public's interest.  *Daunt v. Benson*, 956 F.3d 396, 406 (6th Cir. 2020) (preliminary injunction); *see Summit Cnty. Democratic Cent. and Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004) (stating that the four factors are the same for both types of relief).

Petitioner makes the following allegations in the petition filed with this court. Petitioner entered the United States in October 2023 and the government placed him in removal proceedings. ECF No. 1 Pet. PageID.5.  In February 2025, the Immigration Court found that Petitioner's life would be threatened if he were returned to Guinea.  The Immigration Court granted Petitioner's application for Withholding of Removal.  Since then, Petitioner has been working and living with his sister and her family in Michigan. Immigration and Customs Enforcement (ICE) officers arrested Petitioner on July 7, 2026. Petitioner contends an ICE duty attorney informed Petitioner's former attorney that Petitioner could be deported within 20 days to a third country such as Sierra Leone.  Counsel attached two affidavits to the petition.  Petitioner provided one of the affidavits in which he

attests to the truth of many of the statements in the petition.  Petitioner's former counsel provided the second affidavit in which he attests to the contents of the conversation with the ICE deputy attorney.

Petitioner argues the current practice of third-country removal violates due process. Petitioner references findings and conclusions in a class action lawsuit involving individuals who might be deported to a third country, *D.V.D v. Department of Homeland Security*, No. 1:25cv10676 (D. Mass.).  In an order issued on February 25, 2026, the court found that the government's third-country removal policy violates two provisions of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(2) and (b)(3).  *D.V.D. v. United States Dep't of Homeland Security*, 821 F. Supp. 3d 102, 143-47 (D. Mass. 2026).  The court also found that the policy violates the Due Process Clause in the Fifth Amendment.  *Id.* at 148-54. As part of the remedy, the court declared that members of the class had a right to meaningful notice before removal to any third country and had the right to meaningful opportunity to raise a country-specific claim against removal before removal to any third country.  *Id.* at 167.  The court also declared the Department of Homeland Security's (DHS) March 30, 2025, memorandum and ICE's July 9, 2025, memorandum, both regarding third-country removals, to be inconsistent with the Immigration and Nationality Act (INA).  *Id.*  Other district courts have found that the third-country removal policy does not provide adequate notice and opportunity to be heard and violates the Due Process Clause.  *See, e.g., Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1008-14 (S.D. Tex. 2025) (finding a substantial likelihood of success on the merits of a due process claim).  In similar cases, where an alien faces removal to a third country without notice and opportunity to address the removal, other

district courts have issued temporary restraining orders and preliminary injunctions against third country removals. *See, e.g., Cole v. Mullin,* No. 5:25cv2578, 2026 WL 1850021, (C.D. Cal. May 16, 2026); *Mbaba v. Perez,* No. 5:26cv070, 2026 WL 917484 (S.D. Tex. Feb. 13, 2026).  One other judge in this District found the reasoning in *D.V.D.* persuasive and issued a petitioner injunctive relief against third country removal.  *Dia v. Raycraft,* No. 1:26cv1054, 2026 WL 1895956 (W.D. Mich. Apr. 14, 2026).  This court finds the facts underlying the above cited cases sufficiently similar, finds the reasoning and conclusions of law in those cases persuasive, and adopts the reasoning and conclusions by reference.

Petitioner has met his burden for a temporary restraining order.  The affidavits filed with the complaint meet the requirements in Rule 65(b)(1).  Petitioner has established a threat of irreparable harm before the government can be heard in opposition.  He faces an imminent threat of removal.  Prior counsel has already reached out to the government.  The court notes that Respondents made an appearance in this lawsuit at approximately 11:30 a.m. on Monday, July 13, 2026.

The balance of factors weigh in favor of granting emergency relief.  Petitioner has established a strong likelihood of success on the merits.  Multiple district courts have found statutory and constitutional problems with the current policy of third-country removals without notice and opportunity to address potential concerns with the removal to that country.  The removal would constitute an irreparable harm.  In this case, the public interest weighs in favor of granting the relief.  Petitioner contends he has been a law abiding individual since his release in 2025.  The government will not be substantially prejudiced by having to respond to this petition before any possible removal.

Accordingly, the court **GRANTS** Petitioner's motion for a temporary restraining order.  ECF No. 2.  Respondents must not remove Abdoul Karim Diallo from this District to Sierra Leone or any other third country without first affording him a full and fair opportunity to raise a fear-based claim about his removal to that specific country before an immigration judge.

Respondents **MUST FILE** a status report within two days of entry of this order confirming their compliance with this order.

And, Respondents **MUST SHOW CAUSE** in writing why a preliminary injunction should not issue.  Respondents must file their response within seven (7) days of the date of this order.  Petitioner may file a reply no later than three (3) days after any response is filed. After reviewing the submissions, the court may hold a hearing on the matter.

**IT IS SO ORDERED.**

Date:   July 14, 2026                                   /s/  Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge

5