UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDOUL KARIM DIALLO,                          )
                              Petitioner,     )
                                              )        No. 1:26-cv-2053
-v-                                           )
                                              )        Honorable Paul L. Maloney
MATTHEW PUTRA, *et al.*,                       )
                              Respondents.    )
_____       )

## ORDER

Petitioner Diallo filed a document titled "Notice of Petitioner's Transfer."  ECF No.

7.  In the notice, Petitioner requests court action.  The court will deny the relief sought in

the notice.

Petitioner filed this lawsuit on Saturday, July 11, 2026, around 10:10 p.m. (EST).  On

July 14, 2026, at 11:40 a.m. (EST) the court issued a temporary restraining order.  ECF No.

5. The court's order stated that

> Respondents must not remove Abdoul Karim Diallo from this District to
> Sierra Leone or any other third country without first affording him a full and
> fair opportunity to raise a fear-based claim about his removal to that specific
> country before an immigration judge.

*Id.* PageID.67.  The court ordered Respondents to file a status report within two days.

Petitioner asserts that on Sunday, July 12, Respondents transferred him from North

Lake Processing Center in Baldwin, Michigan to the Winn Correctional Center in

Winnfield, Louisiana.  Petitioner contends Respondents initiated the transfer after notice of

this lawsuit and notice of the motion for a temporary restraining order.

Petitioner asks the court (1) to order Respondents to show cause why the transfer should not be considered a violation of the temporary restraining order, (2) to order Petitioner returned to the Western District of Michigan, (3) to order that the warden of the Winn Correctional Center be added as a defendant, and (4) to order Respondents to provide immediate notice to counsel and the court before any future transfer of Petitioner.

Petitioner's notice does not properly present the court with a request for action. When seeking a court order, counsel should file a proper motion that complies with both the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Notices are not motions and do not require court action. *See, e.g., Kerner v. United States*, No. 2:23cv1872, 2025 WL 1950867, at *2 (D. Nev. July 16, 2025) ("Kerner is cautioned that further notices not filed in accordance with and authorized by a specifically cited rule of this court will be disregarded and may be struck. If Kerner wants this court to take a specific action, he must file a proper notice, supported by a memorandum of points and authorities as Local Rule 7-2(a) requires, and he must cite the rule that authorized the court to take such action."); *Zheng v. Austin*, No. 2023 WL 167437, at *2 (S.D. Ind. Jan. 12, 2023) ("In order to trigger action by the Court, Ms. Zheng must file a motion, not a notice."). For example, Petitioner might file a proper motion that relies on the relevant court rules for adding defendants.

Second, Petitioner has not established a sufficient basis for the relief sought. Petitioner has not demonstrated that his transfer should be treated as a violation of the temporary restraining order or that the court should order him returned to the Western Distict. The court enjoined Respondents from sending Petitioner to a third country; the

court did not enjoin Respondents from transferring Petitioner to another state. In their status report, Respondents indicate compliance with the court's restriction from removing Petitioner to Sierra Leone or any other third country "at this time."

For these reasons, the court **DENIES without prejudice** the relief sought in Petitioner's notice of transfer. ECF No. 7. **IT IS SO ORDERED.**

Date:    July 20, 2026                            /s/  Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge